UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:                                       ) Chapter 7
                                             )
PALI HOLDINGS, INC.,                         ) Case No. 10-11727 (REG)
                                             )
                    Debtor.                  )
---------------------------------------------)
                                             )
BRADLEY REIFLER,                             )
                                             ) Adversary Proceeding
                    Plaintiff,               ) No. 10-03348 (REG)
                                             )
        *against*                            )
                                             )
GLASER, WEIL, FINKS, JACOBS,                 )
HOWARD & SHAPIRO                             )
                                             )
                    Defendant.               )
---------------------------------------------)

DECISION AND ORDER ON MOTION FOR
REARGUMENT

ROBERT E. GERBER
UNITED STATES BANKRUPTCY JUDGE:

Plaintiff Bradley Reifler moves, pursuant to Fed. R. Bankr.P. 9023 and Rule 9023–1 of the Local Rules of this Court, for "reargument and reconsideration" with respect to this Court's order, entered on March 18, 2008, that granted the motion of defendant Glaser, Weil, Finks, Jacobs, Howard and Shapiro to stay this adversary proceeding. The motion is denied.

Local Rule 9023–1 provides, in relevant part:

> A motion for reargument ... shall set forth concisely
> the matters or controlling decisions which counsel
> believes the Court has not considered.

-1-

To be entitled to reargument, the moving party "must demonstrate that the court overlooked controlling decisions or factual matters 'that might materially have influenced its earlier decision.'" *In re Stylesite Marketing, Inc.*, 2001 WL 13212, *1 (Bankr.S.D.N.Y.2001) (Bernstein, C.J.) (quoting *Anglo–American Ins. Group, P.L.C. v. Calfed, Inc.*, 940 F.Supp. 554, 557 (S.D.N.Y.1996)).[1] *See also In re Adelphia Business Solutions, Inc.,* 2002 WL 31557665, *1 (Bankr.S.D.N.Y.2002) (denying motion for reargument, as "the Reargument Motion fails to set forth any such facts or other matters, or controlling decisions, of the type that Federal Rules 59 and 60, and Local Rule 9023–1, require"). Likewise, as Judge Garrity of this Court held in *In re Jamesway Corp.*, 203 B.R. 543 (Bankr.S.D.N.Y.1996):

> The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court.

*Id.* at 546 (citation omitted). Judge Garrity continued that:

> This rule is calculated to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."

*Id.* (quoting *Carolco Pictures Inc. v. Sirota,* 700 F.Supp. 169, 170 (S.D.N.Y.1988).

Here, while invoking Bankruptcy Rule 9023 and Local Rule 9023–1, Reifler ignores the requirements of those rules. In essence he simply seeks to repeat the arguments the Court previously considered and rejected. The request for a "summary

---

[1] Chief Judge Bernstein further noted:

> The rule permitting reargument must be narrowly construed to avoid repetitive arguments on issues that the court has already fully considered. Further, the parties cannot advance new facts or arguments, and may not submit affidavits or new material. *Id.* (citation omitted)

trial" on contentions as to which the Court was already fully aware is merely a variant of arguments Reifler already made. Likewise, he has failed to identify any factual matter or controlling decisions that the Court overlooked. His motion amounts in substance to an effort to relitigate the matter, and to request that the Court revisit issues which the Court believes that it fully considered. Motions of this character are not appropriate to obtain a "second bite at the apple."

The motion is denied.

SO ORDERED.

Dated: New York, New York            _s/Robert E. Gerber_
       April **25**, 2011            United States Bankruptcy Judge